REZIN A. WIGHT, as Assignee, etc., Respondent, *v.* ELIPHALET WOOD, Appellant.

Defendant was a member of the firm of S. & W.; in 1854 he sold out his interest to his copartners, and thereafter, as he proposed going west to live, he received certain shares of stock of a western corporation, which had belonged to the firm, giving a receipt therefor, which stated that he had received it from the firm, that he was to do the best he could with the stock, and to "have one-half of the proceeds." The stock at that time was not considered of any market value. Defendant retained the stock, as it was increasing in value and received dividends thereon. In 1862, a demand was made upon him for the stock and dividends, and upon his refusal this action was brought to recover the same. At the time of this demand the stock was of greater market value than at any other time. No demand or request was made that defendant should sell. *Held*, that as no improper management or needless delay in selling was shown or any act injurious to the interests of the owner, defendant was entitled to retain one-half the stock and one-half of the dividends collected.

(Argued May 10, 1881 : decided May 31, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiff, entered upon an order made April 8, 1880, which granted a motion for a new trial unless plaintiff stipulated to deduct from the verdict a sum specified, in which case judgment was directed on the verdict as modified.

This action was brought by plaintiff as assignee, under an assignment for the benefit of creditors, of the firm of Sheldons & Co., and of the individual members of that firm, to recover certain shares of stock alleged to be in the hands of defendant, which belonged to the firm at the time of the assignment, and also to recover dividends collected by defendant on said stock.

The following facts among others appeared on the trial :

In March, 1853, defendant was a member of the firm of Sheldons & Wood, which firm was the owner of sixty shares of the stock of the Illinois and Mississippi Telegraph Co. In the month stated a new partner was taken in and the firm was succeeded by that of Sheldons, Wood & Co. In March, 1854, this firm was dissolved, defendant selling out his interest, and the firm of Sheldons & Co. succeeded it. In May, 1854, the said stock was placed in defendant's hands, he giving the following receipt therefor : "Received Albany, May 15, 1854, from Sheldons & Wood, sixty shares telegraph stock amounting to the nominal amount of $3,000, which stock I am to do the best I can with, and have one-half of the proceeds." The defendant retained the said certificates until the 8th day of December, 1864, when the plaintiff demanded them together with the dividends which the defendant had received thereon, amounting to $630, and the defendant refused to surrender the same.

Further facts appear in the opinion.

The trial court directed a verdict that plaintiff was entitled to a transfer of the stock from defendant, and to recover the amount received by defendant as dividends with interest. The General Term modified the judgment by deducting one-half the dividends.

*Samuel Hand* for appellant. The agreement on which the stock was placed in defendant's hands passed the title to him, or at least gave him an absolute power of sale coupled with an interest of one-half, and was, therefore, irrevocable. (*Hutchins* v. *Hebard*, 34 N. Y. 24; *Gunson* v. *Morton*, 10 B. & C. 731; *Knapp* v. *Alvord*, 10 Paige, 205; *Depew* v. *Keyser*, 3 Duer, 335; *Dixon* v. *Buck*, 42 Barb. 70.)

*Nathaniel C. Moak* for respondent. Where a contract does not fix the time for the performance of an act thereby required, the law, as a part of the contract, declares it shall be performed within a reasonable time. (*Jones* v. *Fowler*, 1 Sweeney, 5; *New Haven, etc.,* v. *Quintard*, id. 89; *Thompson* v. *Ketcham*, 8 Johns. 190; *Lewis* v. *Lipton*, 10 Ohio St. 88, 91–92; *Crooker* v. *Holmes*, 65 Me. 195, 199; *Moss* v. *Sweet*, 16 Q. B. 493 [71 Eng. C. L.].) The facts being undisputed, as in this case, it is for the court to decide, as a question of law, what is a reasonable time. (*Remer* v. *Donner*, 23 Wend. 620, 623; *Alexander* v. *Parsons*, 3 Lans. 333; *Jones* v. *Fowler*, 1 Sweeney, 5; *Aymar* v. *Beers*, 7 Cow. 705; *Lice* v. *Cunningham*, 1 id. 408; *Van Hoesen* v. *Van Alstyne*, 3 Wend. 75; *Hummelman* v. *Hotaling*, 40 Cal. 111; *Dennet* v. *Wymans*, 13 Vt. 485; *Tyndall* v. *Brown*, 1 T. R. 167; affirmed in Exchequer Chamber, 2 id. 186; Edwards on Prom. Notes [1st ed.], 156; *Walker* v. *Stone*, 14 Ohio St. 89.) Defendant was not, by the instrument of May 15, 1854, given any title to the stock, as such. He was simply given a portion of the "proceeds" of the sale or disposition he was thereby allowed to make. (*Dow* v. *Whelten*, 8 Wend. 160; *Franklin* v. *Robinson*, 1 Johns. Ch. 157; *Dow* v. *Hope Ins. Co.*, 1 Hall, 166; *Haven* v. *Gray*, 12 Mass. 71; *Whitney* v. *Am. Ins. Co.*, 3 Cow. 210; affirmed, 5 id. 712; *Belmont* v. *Ponvert*, 35 N. Y. Supr. Ct. 208; 63 N. Y. 547, 552.) Efforts to perform the act required to entitle the defendant to a division of the "proceeds" of a disposition were not a performance. (*Frazer* v. *Wyckoff*, 63 N. Y. 445, 448–9; *Satterthwaite* v. *Vreeland*, 3 Hun, 152; *Crane* v. *Knubel*, 34 N. Y. Supr. Ct. 443; *Pullman* v. *Corning*, 9

Opinion of the Court, per MILLER, J.

N. Y. 93; *Harris* v. *Rathbun*, 2 Abb. Ct. of App. Dec. 326; *Jacobs* v. *Kolff*, 2 Hilt. 133; *Gregory* v. *Mack*, 3 Hill, 380; *May* v. *Schuyler*, 43 N. Y. Supr. Ct. 107.) When a party's right to compensation depends upon performance of an act he is required to show "full performance on his part." (*Jennings* v. *Lyon*, 39 Wis. 554; *Brown* v. *Fitch*, 33 N. J. Law, 418; *New York Ins. Co.* v. *Robinson*, 1 Johns. 616; affirming, 2 Caines, 357; *Franklin* v. *Robinson*, 1 Johns. Ch. 157.) The written instrument given to the Sheldons by defendant, May 15, 1854, was more than a receipt. It contained a statement of the agreement under, and conditions on, which defendant received the stock; and parol evidence was incompetent and inadmissible to add to or vary it. (*Bonesteel* v. *Flack*, 41 Barb. 435; *Coon* v. *Knapp*, 8 N. Y. 402; *Goodyear* v. *Ogden*, 4 Hill, 104; *Graves* v. *French*, 5 Sandf. 568; *Halliday* v. *Hunt*, 30 N. Y. 474; *Carpenter* v. *Jameson*, 6 Mo. App. 216; *McCarthy* v. *Edwards*, 24 How. Pr. 236, 239.) Where the agreement between the parties is in writing, though oral evidence be received, it must be rejected in deciding the cause. (*Durgin* v. *Ireland*, 14 N. Y. 322, 326–7; *Bonesteel* v. *Flack*, 41 Barb. 439–440; *Hooper* v. *Taylor*, 4 E. D. Smith, 486–490; *Long* v. *N. Y. C. R. R.*, 50 N. Y. 76; *Fitzhugh* v. *Wyman*, 9 id. 559.) An action will lie to recover stocks or certificates therefor. (*Payne* v. *Elliott*, 54 Cal. 339, 341–2; Reporter, 678; *Barnett* v. *Selling*, 70 N. Y. 494; *Nichols* v. *Michael*, 23 id. 264; *Corsan* v. *Oliver*, 2 Abb. N. C. 352; *Russ* v. *Cassidy*, 27 How. Pr. 416; *Meachingham* v. *Collignon*, 7 Daly, 402; *Ellis* v. *Lersner*, 48 Barb. 539.)

MILLER, J. By the receipt given by the defendant to Sheldons & Wood, the plaintiff's assignors, the original owners of the telegraph stock, which is the subject of controversy in this action, the defendant agreed to do the best he could with the stock, and was to have one-half of the proceeds thereof. At the time it is evident that the stock was not considered as of any market value, and the intention of the parties clearly was to confer upon the defendant, who was then about removing to

the west, authority to manage or to sell and dispose of it to the best advantage, and as a reward for his skill and attention in making it valuable, or in disposing of the same, he was to receive one-half of the proceeds when sold or disposed of. He was not restricted as to the time of sale, the price or the manner in which he was to operate in reference to the stock, but he was vested with an unlimited discretion in the management and disposition of the same. He would have been justified in selling it soon after he received it, and would then have been entitled to divide the avails with the owners. If, in his judgment, a more advantageous and profitable result could be attained by watching the market and by waiting or by inquiry, correspondence and attention, all of these means were also within the line of his duty, as well as his right, and the use of any of these could not deprive him of the one-half of the proceeds which belonged to him by the terms of the contract.

There is no ground for claiming that the defendant's management in the disposition of the stock was not the very best which could have been employed under the circumstances, as it had advanced greatly in value, and at the time of the commencement of the action, was worth more than at any previous period. The delay, therefore, was to the interest and advantage of all the parties interested, and the plaintiff or his assignor had no just ground of complaint on that account. No loss had thus been sustained by the conduct of the defendant, and it seems to have been dictated by a sound judgment and discretion.

In view of the facts, with no improper management on the part of the defendant, no needless delay, and no act which was injurious to the interest of the owner, the question arises whether upon demand the plaintiff was entitled to the entire stock without dividing the same with the defendant or at least furnishing him an opportunity to sell or dispose thereof for the mutual benefit of the parties in interest? The defendant had done the best he could under the circumstances, and that he had not sold the stock when demanded of him did not deprive him of his interest in the same according to the terms of the contract. The right to sell existed up to the time of the de-

mand; the plaintiff did not request that the stock be sold, made no complaint that a sale had not been made, and by an offer to allow compensation and expenses for the defendant's services virtually prohibited a sale. Had a sale taken place at that time the defendant would have been entitled to one-half of the proceeds of such sale. Had the defendant refused to sell when requested then there would be ground for claiming that he had forfeited his right. As no request was made to sell, and no injury accrued to the plaintiff by the delay, and inasmuch as the defendant has not failed to fulfill the contract, a just and reasonable interpretation of its terms demands that he should receive one-half of the avails of the stock, as well as the dividends actually paid to him. By this construction the defendant would receive no more than if he had sold the stock and divided the proceeds; the contract would be fully carried into effect and equity done between all the parties. It follows that the judge erred upon the trial in directing a verdict that the plaintiff was the owner of the stock and entitled to a transfer of the same, and for the amount of dividends received and interest thereon. The General Term modified the judgment in respect to the dividends, and in conformity with the previous decision of that court held, that the plaintiff was entitled to the whole of the stock.

In the last respect the General Term was wrong, and for the error stated the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except FOLGER, Ch. J., absent.

Judgment reversed.